## The Cambria Iron Company *versus* Tomb.

Ejectment against three, one confessed judgment " as to himself alone," the others, took " defence for the undivided two-thirds:" a verdict " for the defendants" generally was a proper verdict.

ERROR to the Court of Common Pleas of *Indiana county.*

This was an action of ejectment, issued August 31st 1859, by The Cambria Iron Company against William Tomb, Margaret C. Tomb and Mary Tomb, for a tract of 441 acres of land.  On the 17th of May 1862, the defendants pleaded not guilty.  On the 25th of September 1863 William Tomb confessed " judgment as to himself alone, without prejudice to others."  On the 6th of January 1864, the jury found " for the defendants all the undivided two-thirds of the tract of land in dispute."  The judgment on this verdict was removed to the Supreme Court and reversed, January 2d 1865.  On the 4th of January 1866, Margaret and Mary Tomb, under objection of plaintiffs, " take special defence for the undivided two-thirds of the land in dispute," and the jury were sworn against them, the plaintiff protesting.

About 1840 the *three* defendants, being brother and sisters, had entered on the land in dispute, and made a settlement.

David Stewart, by articles, agreed to purchase the land from William Tomb, and after suit upon them by Tomb against Stewart, and payment of the purchase-money, the land,—described as " all that tract of land claimed by said William Tomb, in said township, by virtue of an actual settlement," &c.,—was conveyed to Stewart by deed dated July 15th 1847.  Stewart's title became vested in the plaintiffs September 20th 1863.  In this controversy the plaintiffs alleged that William was the sole owner ; the sisters claimed that each of the three had an equal undivided interest in the lands.  These questions were submitted to the jury as questions of fact and found for the defendants. On the trial before Buffington, P. J., the plaintiffs submitted this point :

" The plaintiffs having brought their suit against the whole three, for the entire land, they have a right to recover for the

[Cambria Iron Co. v. Tomb.]

one-third, although it may appear that the defendants, Mary and Margaret, may be entitled to the other two-thirds."

The court answered :—" The whole three pleaded not guilty. William Tomb confessed a judgment for all his interest. The jury have been sworn as against the girls alone, and they have entered on record a special defence for the two-thirds, leaving the residue to the plaintiff under the judgment confessed. If they are tenants in common with the plaintiffs, they could rest upon their possession, as they had a right, as tenants, to a common possession of the whole, till partition should be made and their respective interests should be set off in severalty. They have taken defence to only two-thirds, and, if they have shown title to that amount, that carried with it the right of possession, for all in which they had the right of property, which was in common to the whole and every part. And having taken defence for that alone, leaving the residue to the plaintiffs under their title and right from William, we think the verdict should be for defendants."

The jury found for the defendants.

The answer to the plaintiff's point was the error assigned.

*A. Kopelin*, and *Stewart & Clarke*, for plaintiffs in error, cited Ulsh v. Strode, 1 Harris 433 ; Hill v. Hill, 7 Wright 521 ; Law v. Patterson, 1 W. & S. 184 ; McMahan v. McMahan, 1 Harris 383 ; Zeigler v. Fisher, 3 Barr 365, Acts of April 13th 1807, § 1, Purd. 364, 4 Sm. L. 476, March 21st 1806, § 12, Purd. 366, 4 Sm. L. 332 ; Steinmetz v. Logan, 3 Watts 160 ; Kirkpatrick v. Vanhorn, 8 Casey 131 ; Harris v. Tyson, 12 Harris 347 ; Cambria Iron Co. v. Tomb, 12 Wright 387.

*J. M. Thompson* and *H. White*, for the defendants in error, cited Cambria Iron Co. v. Tomb, 12 Wright 387 ; Zeigler v. Fisher, 3 Barr 367 ; Bratton v. Mitchell, 5 Watts 70 ; McCanna v. Johnston, 7 Harris 438 ; Stokely v. Trout, 3 Watts 163 ; Dietrick v. Mateer, 10 S. & R. 152 ; Bauders v. Fletcher, 11 Id. 419 ; Green v. Watrous, 17 Id. 400 ; Tyson v. Passmore, 7 Barr 274 ; Maus v. Maus, 10 Watts 89 ; Roberts' Dig. 139 ; Murray v. Keyes, 11 Casey 392.

The opinion of the court was delivered, May 7th 1867, by

WOODWARD, C. J.—There was but one point put to the court, and the only error assigned is upon the answer that was made thereto. The action was ejectment against William Tomb and his two sisters. All three defendants pleaded not guilty, but afterward William confessed a judgment to plaintiff for all his interest. The sisters then took a special defence for two undivided third parts, and on the trial the court were asked to charge

that the plaintiffs were entitled to recover for one-third, although it may appear that the defendants, Mary and Margaret, are entitled to the other two-thirds.

The court said no, the girls have taken defence for only two-thirds, and if they have shown title to that proportion, they had the right of possession in common with the plaintiffs until partition.

It seems to us that the point was discreetly answered. Counsel think that the plaintiffs were entitled to recover their one-third as against *all* the defendants. When the suit was brought such was undoubtedly their right, but when they took a judgment against one of the three tenants in common, and the other two limited their defence to two-thirds of the premises, the question undoubtedly came down to this—Have the two shown title to two-thirds? What else could be in litigation upon such a record? Not the plaintiffs' right to one-third of the whole, for that was confessed. If one-third of the whole was what the plaintiffs sought, they should have taken execution upon their judgment against William, instead of trying ejectment against the sisters after their disclaimer of that one-third. The plaintiffs contend that they may recover a third of the whole. They have got it already. And they should not forget that the defendants' right to two-thirds of the whole is as complete as theirs to one-third.

As the record stood at the trial, the plaintiffs manifestly were not entitled to recover if, as their point assumes, Mary and Margaret were entitled to two-thirds. They had got all they were entitled to have, and the defendants, entitled to all they defended for, the verdict justly belonged to them.

Some questions of costs might have been raised upon the record, but as they were not, we do not touch them.

The judgment is affirmed.

STRONG, J., dissented.